# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

MICHAEL R. LEWIS, II,

             Petitioner,   :   Case No. 1:20-cv-933

  - vs -                              District Judge Timothy S. Black
                                       Magistrate Judge Michael R. Merz

WARDEN, London
  Correctional Institution,

                                         :
             Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Michael Lewis II under 28 U.S.C. § 2254, is before the Court on Respondent's Motion to Dismiss the Petition as barred by the statute of limitations (ECF No. 6). Petitioner opposes the Motion (ECF No. 7). Lewis seeks relief from his convictions and sentence in the Butler County, Ohio, Court of Common Pleas on charges, in separate cases, of burglary, illegal conveyance, and aggravated arson.

The Magistrate Judge reference in this case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District.

**Litigation History**

Lewis was indicted on June 14, 2017, by the Butler County grand jury on one count of aggravated arson in violation of Ohio Revised Code § 2909.02(A)(2). According to the Twelfth District Court of Appeals:

1

> [T]his charge arose after Lewis admitted setting fire to bedding material and a mattress located in a bedroom of a Middletown, Butler County, Ohio home on the afternoon of April 17, 2017, the same home where his father was found dead from a drug overdose earlier that day. Lewis claims to have no recollection of the incident having blacked out after consuming a significant amount of alcohol upon learning of his father's death.

*State v. Lewis,* 2018-Ohio-1458, ¶ 4 (Ohio App. 12th Dist. Apr. 16, 2018). After a number of forensic evaluations, Lewis pleaded guilty to the arson charge and was sentenced on that charge, as well as on community control violations arising from the prior convictions for burglary and unlawful conveyance, to an aggregate of twelve years imprisonment.

After sentencing, Lewis filed through counsel a request that he not be transferred to state prison so that he could have an additional local forensic evaluation in support of a planned motion to withdraw his guilty plea. That motion was denied and Lewis appealed, but the Twelfth District Court of Appeals affirmed his conviction and sentence. *State v. Lewis, supra*.

Lewis was represented by retained counsel on the direct appeal. On July 14, 2020, now proceeding *pro se*, Lewis filed a notice of appeal to the Supreme Court of Ohio and a motion for leave to file a delayed appeal in that court (State Court Record, ECF No. 5, Exs. 26 and 27). In his Affidavit in support of delayed appeal, he averred that his appellate attorney did not tell him of the forty-five day deadline to appeal until after the time had expired. *Id.* at Ex. 27, PageID 121. He also claims he did not have the required documents for filing a memorandum in support of jurisdiction or the necessary financial resources to file. *Id.*

The Supreme Court of Ohio denied leave for a delayed appeal on September 15, 2020 (State Court Record, ECF No. 5, Ex. 28). On November 17, 2020, Lewis, filed the instant Petition pleading the following grounds for relief:

> **Ground One:** Appellant was denied due process by the trial courts failure to rule on his motion to stop his transfer into state custody.

**Supporting Facts:** Appellant was charged with Aggravated Arson, in violation of Ohio Revised Code, 2909.02(A)(2), a second-degree felony. This charge was brought after Appellant set fire to bedding and a mattress. Appellant came to the home to identify the body of his father, who was found dead from an alleged drug overdose. Prior to being taken to that location Appellant had consumed a significant amount of alcohol, upon learning of his father's death. Appellant has no recollection of the incident, and believes he must have "Blacked Out."

On August 21, 2017, Appellant filed a motion for leave to file a plea of not guilty by reason of insanity. Appellant also moved the court for an evaluation on his claim. On August 24, 2017, Appellant requested a competency evaluation. On August 28, 2017, the trial court ordered Appellant be evaluated for competency to stand trial. A competency hearing was scheduled for September 25, 2017, then rescheduled to October 9, 2017. The trial court did not record the competency report or have it filed with this case on October 10, 2017, Appellant entered a plea of guilty to aggravated arson. On November 14, 2017, judgment of conviction and sentencing. To support the motion, Appellant asserts that he was in the process of preparing a motion to withdraw his guilty plea. As part of his motion, Appellant was scheduling an independent competency evaluation. The evaluation requires that Appellant meet in person with the psychiatrist performing the evaluation.

The trial court did not rule on the motion, and Appellant never got to file his motion to withdraw his guilty plea or the motion for independent evaluation. Appellant was denied an opportunity to include in his insanity claim, his state of mind at the time of alleged offense.

**Ground Two:** Appellant was denied equal protection of the law by imposing consecutive sentences.

**Supporting Facts:** At the time Appellant received a charge for the aggravated arson he was on probation also know [sic] as community control for Butler County case numbers: CR2015-11-1768 (burglary) and CR2016-06-0787 (Illegal Conveyance).

On November 17, 2017, the trial court held a hearing revoking Appellants community control. The court imposed a 36 month prison term in Case No. CR2015-11-1768, to be served consecutively with a 36 month prison term in Case No. CR2016-06-0787 to be served consecutively with the six-year prison term imposed in Case No. CR2017-05-0820. The court finds that

consecutive sentences are necessary to protect the public from future crimes; that Appellant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant.

(Petition, ECF No. 1).

# Analysis

The one-year statute of limitations for federal habeas corpus cases is codified at 28 U.S.C. § 2244(d) which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

4

By Respondent's calculation, the statute of limitations on Lewis's claims began to run May 31, 2018, when his time to appeal to the Supreme Court of Ohio expired, forty-five days from the Twelfth District's decision affirming his conviction. It would then have run for one year until June 1, 2019, unless interrupted. Because Lewis did not file his Petition until November 17, 2020, it is, by this calculation, well over a year late.

In the timeliness portion of his Petition, Lewis represents that he did not learn of the appellate court's decision until February 2020 when he inquired of the Clerk of Courts (ECF No. 1, PageID 16). He did not file an application for delayed appeal in the Supreme Court of Ohio until July 14, 2020. That court denied his application September 15, 2020, and he filed his Petition here November 17, 2020.[1]

In his Opposition to the Motion to Dismiss, Lewis is even vaguer on dates. He asserts only that his appellate attorney did not tell him when the case was decided and that at some unspecified later date he inquired of the Clerk of Courts (Memo. in Opp., ECF No. 7, PageID 168). In attempting to excuse his delay, Lewis points to the lockdown at his institution of confinement caused by the COVID-19 pandemic. However that lockdown did not occur until March 2020, nearly two years after the Court of Appeals decision in April 2018. Nothing prevented Lewis from making that inquiry earlier.

Lewis actually learned of the Court of Appeals decision in February 2020, on a date he does not list. Giving him the benefit of the doubt, the Court will assume he learned of the decision on the last day, February 29, 2020. If that had been the day on which the Court of Appeals decided the case, Lewis would have had forty-five days to appeal, or only until April 14, 2020. He did not

---

[1] Under the prison mailbox rule, an incarcerated person is entitled top a filing date of the date on which he deposits a filing in the prison mailing system. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Although the standard form for habeas corpus petitions includes a place to enter that date, Lewis has left the space blank (Petition, ECF No. 1, PageID 18).

seek leave to file a delayed appeal until ninety days later on July 14, 2020. In other words, he took three times the amount of time allowed for an appeal to the Supreme court of Ohio even by a person who knows of an adverse appellate decision.

Lewis's appellate attorney certainly should have notified him of the Court of Appeals' decision and this Court accepts at face value (i.e. without any corroboration) that she did not do so. However, the failure of an attorney to do her or his duty will only act as an excuse for some limited period of time, not for a period more than twice as long as the statute of limitations. In seeking leave of the Supreme Court to file a delayed appeal, Lewis swore that his attorney had not advised him of the appellate giving that court an opportunity to excuse his delay on that basis, but it declined to do so (State Court Record, ECF No. 5. Exs. 27, 28). This Court cannot say it was unreasonable in doing so, nor was it under any constitutional duty to extend the time to appeal by more than two years.

Accordingly, it is respectfully recommended that the Petition herein be dismissed with prejudice as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 27, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #